NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0344n.06
Filed: May 3, 2005

No. 04-1224

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT DUCHARME and PATRICIA DUCHARME, | ) ) ) | |
| *Plaintiffs-Appellants,* | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| A & S RV CENTER, INC.; FLEETWOOD MOTOR HOMES OF PENNSYLVANIA, INC.; CUMMINS ENGINE CO., INC; OXFORD BANK; and FREIGHTLINER CUSTOM CHASSIS CORP., | ) ) ) ) ) ) | O P I N I O N |
| *Defendants-Appellees.* | | |

BEFORE:    COLE and SUTTON, Circuit Judges; BARZILAY, Judge of the United States Court of International Trade[*]

PER CURIAM. Plaintiffs-Appellants Robert and Patricia Ducharme appeal the district court's grant of summary judgment to the Defendants-Appellees on their claims for damages for breach of express and implied warranties, and derivative federal and state consumer protection claims, resulting from the Durcharmes' purchase of an allegedly defective motor home.

The district court found that all the express warranties at issue had not been breached since each defect presented to the defendants for repair within the warranty period was repaired in a

---

[*]The Honorable Judith M. Barzilay, Judge of United States Court of International Trade, sitting by designation.

reasonably timely fashion. Further, it found that no implied warranty inured to Patricia Ducharme because either (a) she was not a purchaser of the motor home; or (b) she was a purchaser, but only through Robert Ducharme's signature on the only agreement wherein the vendor promised to deliver the motor home, and was thus bound by the waiver conspicuously included in that agreement. *See, e.g.*, *Cent. Discount Co. v. Dep't of Revenue*, 94 N.W.2d 805, 807 (Mich. Ct. App. 1959) (noting that a "sale" only occurs when the body of an instrument indicates an intent to transfer goods from a seller to a buyer, regardless of the instrument's title); *see also Wells v. 10-X Mfg. Co.*, 609 F.2d 248, 254 (6th Cir. 1979) (noting that transactions involving other services provided in conjunction with a sale do not subject the providers of such services to duties under the U.C.C.). Accordingly, the district court granted summary judgment to defendants on the express and implied warranty claims and on all the derivative consumer-protection-related claims resulting therefrom.

This Court reviews a district court's grant of summary judgment *de novo*. *See, e.g.*, *Latham v. Office of the Attorney Gen.*, 395 F.3d 261, 264 (6th Cir. 2004). We have thoroughly reviewed the record and the parties' submissions, and can find no error in the district court's conclusions of law or findings of fact. The preparation of a detailed opinion would thus be unnecessarily duplicative, and we therefore **AFFIRM** the district court's opinion for the reasons stated therein.